**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Irena Cassavant,<br><br>Plaintiff,<br><br>– against–<br><br><br>Chase Bank USA, N.A and Trans Union LLC,<br><br>Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Irena Cassavant (hereinafter "Plaintiff"), by and through her attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Chase Bank USA, N.A. ("Chase") and Trans Union LLC ("Transunion"), alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Irena Cassavant, is an adult citizen of the state of Massachusetts domiciled in Dudley, MA.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

1


4. Defendant Chase is a corporation business entity organized and existing under the laws of Delaware that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 201 North Walnut Street, Wilmington, DE 19801.

5. Defendant Transunion is a limited liability company organized and existing under the laws of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 555 W. Adams, Chicago, IL 60661.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

8. Defendant Chase issued a credit card account ending in 7969 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity,

character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about May 29, 2015, Plaintiff and Chase, entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached herein as <u>Exhibit A</u>.

11. Pursuant to the terms of the settlement, Plaintiff was required to make one lump sum payment totaling $1,590.00 to settle and close her Chase account.

12. In addition, the agreement indicated that Chase would report this account as 'settled' upon successful completion of the settlement agreement.

13. Plaintiff, via her debt settlement company, National Debt Relief, timely made the settlement payment. Proof of the payment is attached herein as <u>Exhibit B</u>.

14. On or about June 23, 2015, Chase sent Plaintiff a paid-in-full letter confirming the settled status of the account. This letter is attached herein as <u>Exhibit C</u>.

15. However, Plaintiff's Chase account is still being negatively reported.

16. In particular, on a requested credit report dated February 8, 2016, Plaintiff's Chase account was reported with a status of "PAID CHGOFF." The relevant portion of Plaintiff's credit report is attached herein as <u>Exhibit D</u>.

17. This trade line was inaccurately reported. As evidenced by the settlement agreement and proof of payment, the account was settled for less the than full balance and must be reported as such.

18. Plaintiff notified Defendants directly of a dispute on the Chase account's completeness and/or accuracy.  This letter and the certified mail receipt is attached herein as <u>Exhibit E</u>.

19. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Chase to the Consumer Reporting Agency Transunion, via certified mail in accordance with  15 U.S.C. § 1681i of the FCRA.

20. Plaintiff complied fully with the settlement agreement, as confirmed by Chase, Plaintiff's settlement payment was received by Chase on the settlement due date, and as such Chase must report the account as settled, in accordance with the settlement agreement.

21. On April 11, 2016, Plaintiff requested an updated credit report for review.  The tradeline for the Chase account in question remained the same as the February 8, 2016 credit report, as Chase failed to correct the inaccuracy. The April 11, 2016 credit report is attached herein as <u>Exhibit F</u>.

22. Transunion did not notify Chase of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Chase and Chase failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

23. If Chase did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Chase account would be updated to reflect a 'settled' status.

24. Chase has promised through its subscriber agreements or contracts to accurately update accounts but Chase has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as

well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

25. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Transunion.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

28. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

29. Transunion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

30. Chase is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions

or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

31. Chase is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

32. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

33. Chase failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

34. Chase failed to update Plaintiff's credit report and/or notify the credit bureaus that the Chase account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

35. Chase failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

36. Transunion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

37. Transunion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

38. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*